**ARCHER**
ATTORNEYS AT LAW

**Michael S. Horn**
*Member of New Jersey
and New York Bars*
mhorn@archerlaw.com
201-498-8529 (Ext. 7529) Direct
201-342-6611 Direct Fax

Archer & Greiner, P.C.
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-342-6000 Main
201-342-6611 Fax
www.archerlaw.com

October 8, 2020

**VIA CM/ECF**
Hon. Renee Marie Bumb
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re:    Volpe v. Abacus Software Systems Corporation
            Civil Action No. 1:20-cv-10108

Dear Judge Bumb:

      We represent the Defendant, Abacus Software Systems Corporation ("Abacus") in the above referenced matter. Please accept this letter as a request for leave to file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12 (b)(6) and for lack of federal jurisdiction pursuant to Federal Rules of Civil Procedure 8 (a) and 28 U.S.C. §1367(c)(3).

      By way of background, Abacus provides IT services to a number of clients, including but not limited to, banks and financial institutions that require their information to be kept confidential. Plaintiff, Michael Volpe ("Volpe") was a salesperson for Abacus, and therefore had exposure to Abacus's confidential information. During his employment, Volpe accepted a lower salary to remain employed since he was no longer working the amount intended when he initially joined Abacus. Now, Volpe claims that he is owed the initial salary amount but the difference at issue is less than $66,000.00.

      Volpe also makes claims under 18 U.S.C. §1030 but those claims are also baseless. Volpe used his cellular phone in furtherance of his employment with Abacus. In order to procure Abacus's email on his cellular phone, Volpe permitted Abacus to access his cellular phone so that confidential Abacus emails would be sent to his cellular phone. Volpe alleges that his cellphone was entirely "wiped out" by Abacus when it attempted to remove its confidential information from the cellular phone.

      Plaintiff asserts that he has federal jurisdiction to asset claims based upon 28 U.S.C. 1332 but the amount in controversy with respect to the breach of contract claim is stated as $66,000.00

Hon. Renee Marie Bumb
October 8, 2020
Page 2

(Count I) and $2,921.81 (Count II).  ECF No. 1 ¶ ¶ 31 – 42. In addition, Plaintiff alleges that he lost personal computer data on his cellular phone.  However, there is no factual basis to support the allegation that the personal data on the phone is valued at $10,000.00.

Generally, the complaint determines the amount in controversy. *Angus v. Shiley Inc.,* 989 F.2d 142, 144 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself." (citing *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961))). The court, however, may also consider other evidence. *See, e.g., Imperial Spirits, USA Inc. v. Trans Marine Int'l Corp.,* No. CIV.A. 98-5469(JWB), 1999 WL 172292, at *2 (D.N.J. Feb. 17, 1999) (citations omitted). In making its assessment, the Court must strictly construe the removal provisions against removal and resolve all doubts in favor of remand. *Boyer,* 913 F.2d at 111 (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)).  Under this well accepted analysis, Plaintiff has failed to overcome the burden of proving sufficient allegation to allege that $75,000.00 is in controversy.[1]

Moreover, Volpe cannot maintain federal jurisdiction by asserting a claim under 18 U.S.C. §1030 since the Complaint does not sufficient allege facts that would support such a claim. Specifically, the Complaint alleges that Abacus caused loss of Plaintiff's data and records when Volpe was terminated from employment. ECF No. 1 ¶ 54.  However, the four elements for a claim under section 1030(a)(4): "(1) defendant has accessed a 'protected computer'; (2) has done so without authorization or by exceeding authorization as was granted; (3) has done so 'knowingly' and with 'intent to defraud'; and (4) as a result has 'further[ed] the intended fraud and obtain[ed] anything of value.'" *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC.,* 428 F.3d 504, 507 (3d Cir. 2005)(quoting 18 U.S.C. §1030(a)(4)). *See also Curran v. Mark Zinnamosca & Associates*, 2014 WL 271634, at *6 (M.D.Pa. Jan. 23, 2014).

The CFAA can only apply if Plaintiff "intentionally accesse[d]" information on a protected computer. 18 U.S.C. §§1030(a)(2)(C), 1030(a)(5)(C). Although we have no located a case where the Third Circuit has addressed the meaning of the word "access" within the CFAA, courts in other circuits have used the word's common definition. *See Southwest Airlines Co. v. BoardFirst, L.L.C.,* No. Civ.A.06-891, 2007 WL 4823761, *12 (N.D. Tex. Sept. 12, 2007) (utilizing the "dictionary definition . . . mean[ing] 'to get at' or 'gain access to'" in determining "access" pursuant to the CFAA).  Here, at best, it is alleged that Abacus inadvertently erased Volpe's personal information on his phone when it cleared its own information from that phone.

Further, both of the CFAA provisions require that the access be "unauthorized." The CFAA does not define the term "authorization," thereby resulting in two schools of thought on the meaning of the term. "The Courts of Appeals in the First and Seventh Circuits, and a number of district courts have concluded that if an employee, although technically authorized to utilize an employer's protected computer, accesses confidential or proprietary information and uses that information in a manner inconsistent with the employer's interests or in a manner that violates a contractual

---

[1] There is no reasonable likelihood that Volpe would be entitled to any punitive damages in this basic breach of contract claim. As a matter of law, punitive damages are not recoverable in contract. Thomas v. Nova Southeastern Univ., 468 Fed. Appx. 98, 100 (3d Cir. 2012)(citing *Lightning Lube, Inc. v. Witco Corp*., 4 F.3d 1153, 1194 (3d Cir. 1993)).

Hon. Renee Marie Bumb
October 8, 2020
Page 3

obligation, that employee has exceeded his or her authorized use*." Consulting Prof'l Res., 2010 WL 1337723*, at *4-5 (citing *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577 (1st Cir. 2007)); *Intl Airport Ctrs., LLC v. Citrin*, 440 F.3d 418 (7th Cir. 2006). However, the access at issue was authorized by Volpe when he agreed to use his computer to hold company emails.

Since Abacus's access to Volpe's cellular phone was authorized he does not have a cogniable claim under the CFAA. *See e.g. Bro-Tech Corp. v Thermax, Inc.*, 651 F. Supp. 2d 378, 407 (E.D. Pa. 2009); *see also Grant Mfg. & Alloying, Inc. v. McIllvain*, No. Civ.A.10-1029, 2011 WL 4467767, at *6 (E.D. Pa. Sept. 23, 2011); *Integrated Waste Solutions, Inc. v. Goverdhanam*, No. Civ.A.10-2155, 2010 WL 4910176, at *8 (E.D. Pa. Nov. 30, 2010); Consulting Prof'l Res., 2010 WL 133723, at *6. The CFAA defines "exceeds authorized access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. §1030(e)(6). In other words, the statute imposes liability on one who acts beyond the scope of her access authority. However, here Volpe provided Abacus full and complete access to his cellular phone when he sought to use that cellular phone to receive company emails.

Furthermore, plaintiff is required to allege a loss under Section 1030(c)(4)(A)(i)(I) of at least $5,000 in value. 18 U.S.C. §1030(c)(4)(A)(i)(I). This cannot merely be alleged in thin air. For instance, one district found that a "district court decisions in the [Court of Appeals for the] Third Circuit have held that to fall within this definition of 'loss,' the 'alleged "loss" must be related to the impairment or damage to a computer or computer system.'" *Brooks v. AM Resorts, LLC*, 954 F.Supp.2d 331, 338 (E.D.Pa. 2013) (quoting *Sealord Holdings, Inc. v. Radler*, 2012 WL 707075, at *4 (E.D.Pa. Mar. 6, 2012) (additional citations omitted)). Here, there can be no such loss alleged based upon the allegation that personal items on Volpe's phone were accidentally erased. At best, Volpe was inconvenienced by the loss of his personal information that was contained on his cellular phone. There is no monetary amount of damages that fits within the statute to permit him to bring this cause of action.

In sum, since the amount in controversy is less than $75,000.00, Plaintiff cannot assert jurisdiction based upon diversity of citizenship. Moreover, since Plaintiff fails to allege sufficient factual allegations to assert a claim under 18 U.S.C. §1030, there is no federal question under 28 U.S.C. §1331. As such, this Court should dismiss 18 U.S.C. §1030 under FRCP 12 (b)(6) and dismiss the entire matter for lack of federal jurisdiction.

We appreciate the Court's consideration of this matter.

Respectfully,

MICHAEL S. HORN

cc: Counsel of Record (Via ECF)
219437873v1